THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0203-JCC |
| Plaintiff, | ORDER |
| v. | |
| DARRYL KILGORE, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for issuance of a subpoena *duces tecum* (Dkt. No. 251). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Defendant has been indicted on charges of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344, bank fraud in violation of 18 U.S.C. § 1344(2), aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), money laundering conspiracy in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (*See* Dkt. No. 48.) Defendant moves for an order directing the Clerk of Court to issue a subpoena *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c)(1). (Dkt. No. 251.) Defendant's proposed subpoena directs the custodian of records for Bank of America to produce various

documents relating to Defendant's alleged underlying criminal conduct. (*See* Dkt. No. 251-1.)

**II.   DISCUSSION**

To be entitled to a pretrial production of subpoenaed materials, the party seeking pretrial production must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (footnote omitted). Thus, the party "bears the burden of establishing relevancy, admissibility, and specificity." *United States v. Estes*, 2015 WL 5177819, slip op. at 2 (D. Nev. 2015) (citing *Nixon*, 418 U.S. at 700). "Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden." *Id*. (citing *United States v. Lambeth*, 2010 WL 4117681, slip op. at 3 (D. Nev. 2010)).

Federal Rule of Criminal Procedure 17(c)(1) provides that:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

"Leave of court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings." *Estes*, 2015 WL 5177819, slip op. at 2. "Granting a pretrial subpoena under Rule 17(c)(1) is 'committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.'" *Id*. (quoting *Nixon*, 418 U.S. at 702).

In his motion, Defendant states that, "Undersigned counsel for the defendant Kilgore represents to the Court the information to be provided in the documents requested is necessary to provide adequate defense for the defendant in this case." (*See* Dkt. No. 251 at 2.) This conclusory assertion does not satisfy Defendant's burden of showing the sought documents' relevancy, admissibility, and specificity. *See Nixon*, 418 U.S. at 700; *Estes*, 2015 WL 5177819,

slip op. at 2. Therefore, Defendant has not established that he is entitled to issuance of a pretrial subpoena *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c)(1). *See Estes*, 2015 WL 5177819, slip op. at 2.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for issuance of a subpoena *duces tecum* (Dkt. No. 251) is DENIED.

DATED this 19th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE