THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0203-JCC |
| Plaintiff, | ORDER |
| v. | |
| DARRYL KILGORE, | |
| Defendant. | |

This matter comes before the Court on the parties' joint motion to continue trial and related deadlines (Dkt. No. 274). On March 17, 2020, the Court issued General Order No. 02-20, which provides that "[a]ll civil and criminal hearings and trial date in [the Seattle and Tacoma] Courthouses scheduled to occur before June 1, 2020, are continued pending further order of the Court" and that:

> With regard to criminal matters, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of witnesses, counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). For the same reasons, the Court finds under 18 U.S.C. § 3060(C) extraordinary circumstances exist, and justice requires delay of all criminal preliminary hearings during the time period of the continuances implemented by this order.

ORDER
CR17-0203-JCC
PAGE - 1

General Order 02-20, March 17, 2020, Sections 2, 4 (In re Court Operations under the Exigent Circumstances Created by COVID-19 and Related Coronavirus).

Having thoroughly considered the parties' joint motion and the Court's General Order No. 02-20, the Court hereby FINDS as follows:

1. For the reasons set forth in the parties' motion and General Order 02-20, the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A); and
2. Failure to grant a continuance would likely make trial impossible, result in a miscarriage of justice, and deny counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(i), (B)(iv).

For the foregoing reasons, the parties' motion to continue the trial date and the pretrial motions deadline (Dkt. No. 274) is GRANTED. It is therefore ORDERED that the trial date is CONTINUED from April 27, 2020, to July 13, 2020, at 9:30 a.m. The Court further ORDERS that the time between the date of this order and the new trial date is excludable time under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(ii), and 3161(h)(7)(B)(iv). Any pretrial motions shall be filed no later than May 4, 2020.

DATED this 23rd day of March 2020.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE