THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0203-JCC |
| Plaintiff, | ORDER |
| v. | |
| DARRYL KILGORE, | |
| Defendant. | |

This matter comes before the Court on Defendant Darryl Kilgore's motions to compel (Dkt. No. 309) and seal (Dkt. No. 307) and the parties' motions to file overlength briefs (Dkt. Nos. 308, 315). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Kilgore's motion to compel (Dkt. No. 309) and GRANTS the remaining motions (Dkt. Nos. 307, 308, 315) for the reasons explained herein.

Kilgore is charged by indictment with various counts of bank fraud, aggravated identity theft, and money laundering. (Dkt. No. 48.) The Government alleges that Kilgore funded the purchase of residential real estate by traveling the country, working with co-defendants to steal wallets, and then using the victims' credit cards to withdraw funds from the victims' accounts. (Dkt. No. 316 at 3.) The Court set forth more detailed allegations in this matter in a previous order (Dkt. No. 314) and will not repeat them here.

Kilgore moves to compel the Government to produce *Brady* material and other

documents consistent with Federal Rule of Criminal Procedure 16(a)(1)(E). (Dkt. No. 309.) Kilgore originally sought an order requiring the Government to provide Kilgore with certain information *contained* in the files of local police jurisdictions. (Dkt. No. 309-2 at 1–2.) Following the Government's assertion that it already provided the information in its possession, Kilgore modified his request to limit its scope to information the Government *obtained* from the files of local police jurisdictions. (Dkt. No. 321 at 1.)

Upon a defendant's request, the Government must provide access to items that are "material to preparing [a] defense." Fed. R. Crim. P. 16(a)(1)(E)(i); *see also* W.D. Wash. Local Crim. R. 16(a)(2). Information is material if it is helpful to the defendant in preparing a defense. *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995). The Government's failure to provide a defendant with access to material exculpatory evidence upon request "violates due process where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, the Government is only required to disclose information to the defense "[i]f [the] federal prosecutor has knowledge of and access to exculpatory information as defined in *Brady*." *United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989). *See also United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999) ("The prosecution must only reveal information that it had in its possession or knowledge—whether actual or constructive.").

The Government asserts that it has complied with the Federal Rules of Criminal Procedure and *Brady* in its disclosure of material exculpatory evidence. (*See* Dkt. No. 316.) Specifically, the Government indicates that it already produced 35,000 pages of discovery within weeks of Kilgore's July 2017 arrest; this and subsequent production represent all information provided by local police authorities in this matter within the Government's possession. (*Id.* at 8.) The Government further indicates that it lacks knowledge of and access to any additional information that Kilgore may seek from local law enforcement. (*Id.* at 4.) Absent evidence to the contrary, and Kilgore provides none, the Court accepts the Government's seemingly good-faith averment. *See United States v. Bonds*, 2014 WL 4804500, slip op. at 3 (W.D. Wash. 2014), *aff'd*,

679 F. App'x 635 (9th Cir. 2017) (citing *United States v. Deerfield Specialty Papers, Inc.*, 501 F. Supp. 796, 819 (E.D. Pa. 1980)). In light of the Government's assertions, and Kilgore's modification to his request, this matter is moot.

For the foregoing reasons, Defendant's motion to compel (Dkt. No. 309) is DENIED. The parties' motions to file overlength briefs (Dkt. Nos. 308, 315) are GRANTED, as is Kilgore's motion to seal (Dkt. No. 307).

DATED this 21st day of September 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE