THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DARRYL KILGORE,<br><br>  Defendant. | CASE NO. CR17-0203-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for a bill of particulars (Dkt. No. 345) and motion to dismiss (Dkt. No. 346), as well as the Government's motion for leave to file an overlength brief (Dkt. Nos. 349). Having considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES Defendant's motions (Dkt. Nos. 345, 346) and GRANTS the Government's motion (Dkt. No. 349) for the reasons explained herein.

**I.   Background**

Defendant is currently detained pending trial on charges of Conspiracy to Commit Bank Fraud, Bank Fraud, Aggravated Identity Theft, Conspiracy to Launder Money, and Money Laundering (Dkt. Nos. 38, 48, 77.) Defendant's trial has been repeatedly continued since his arrest. The reasons vary, but include the voluminous amount of discovery produced by the Government, (*see* Dkt. No. 90 at 2), Defendant's termination and/or the withdrawal of four sets

of court-appointed counsel, (*see* Dkt. Nos. 155, 166, 226, 232, 235, 253, 258, 302, 337), Defendant's repeated requests for continuances, (*see* Dkt. Nos. 90, 126, 178, 187, 214, 227, 238, 274, 354), and the suspension of criminal in-person trials in March 2020 as a result of the COVID-19 pandemic, *see* W.D. Wash., General Order Nos. 01-20, 02-20, 03-20, 07-20, 08-20, 11-20, 13-20, 15-20, 18-20; (*see also* Dkt. No. 291).

Defendant, whose trial is currently scheduled for February 8, 2021,[1] moves to dismiss based on alleged violations of his speedy trial rights. (Dkt. No. 346; *see* Dkt. No. 328.) The Government moves for leave to file an overlength brief in response to Defendant's motion to dismiss. (Dkt. No. 349.) Defendant also moves for a bill of particulars. (Dkt. No. 345.)

## II.    Bill of Particulars

Defendant's motion for a bill of particulars seeks details of the alleged acts of identity theft and conspiracy that the Government intends to rely on to prove its case. (Dkt. No. 345 at 1–2.) In appropriate instances, the Court can order the Government to produce such a bill. Fed. R. Crim. P. 7(f); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). However, this is not one of those instances.

The purpose of the bill is "to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *Mitchell*, 744 F.2d at 705. But a "defendant is not entitled to know all the evidence the [G]overnment intends to produce . . . only the theory of the [G]overnment's case." *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965). Here, the indictment clearly establishes the Government's theory of its case. (*See generally* Dkt. No. 48.) It alleges that Defendant and his conspirators traveled across the country stealing wallets from women while they shopped for groceries and then used the victims' credit and debit cards to access funds from victims' account. (*Id.* at 2–3.) Defendant allegedly laundered the stolen funds using, among other things, a company that he incorporated

---

[1] Defendant has moved to continue this trial date to accommodate newly-appointed counsel. (Dkt. No. 354.) The Court has yet to rule on Defendant's motion.

to purchase, renovate, and sell real properties using the stolen funds. (*Id.* at 10–14.) Moreover, the Government, by Defendant's own admission, has already produced substantial discovery in this matter. (*See* Dkt. No. 90 at 2 (describing the 33,000 pages of documents and numerous videos).) This is sufficient to apprise Defendant of the Government's theory of its case. The information Defendant seeks would, ostensibly, provide Defendant with the Government's *trial strategy*—something to which he is not entitled. *See United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) (holding that a defendant "has no right to know the details of the evidence to be introduced by the Government").

Accordingly, Defendant's motion for a bill of particulars (Dkt. No. 345) is DENIED.

### III. Motion to Dismiss

Defendant, who has been detained since his July 26, 2017 arrest, moves to dismiss on speedy trial grounds. He takes particular issue with the Court's May 26, 2020 order granting the Government's motion for a continuance during the height of the local COVID-19 pandemic, which Defendant subsequently lodged objections to. (*See* Dkt. Nos. 291, 292, 299.) Defendant claims that he was ready and willing to move forward with a trial on July 13, 2020, even if it be by bench trial, and that by continuing the matter without Defendant's acquiescence, the Court violated Defendant's rights under both the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment. (Dkt. No. 346 at 1.)

    1.    *Speedy Trial Act*

The Speedy Trial Act generally requires that a defendant be brought to trial within 70 days of his or her initial appearance or indictment. 18 U.S.C. §§ 3161(c)(1), (h). However, the Act contains various tolling periods, which include the pendency of certain motions and "any period of delay" when a court finds that the "ends of justice" served by a continuance "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §§ 3161(h)(1), (7). The Court previously made findings supporting an "ends of justice" continuance of the July 2020 trial date. (*See* Dkt. No. 292 at 2.) Defendant does not provide the Court with a basis to revisit

those findings here. Therefore, the Court declines to do so.

2. *Sixteenth Amendment*

In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts generally consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether, when, and how a defendant asserted his right to a speedy trial; and (4) whether a defendant was prejudiced by the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). This list is not exclusive and none of the factors are controlling. *Barker*, 407 U.S. at 533. The factors are related and must be considered together, along with other relevant circumstances. *Id.* Applying the factors to this case, the Court finds that Defendant's Sixth Amendment speedy trial rights have not been violated.

Turning to the first factor, while the delay here has been substantial, exceeding three years, the Court must balance this factor against the next factor: the reason for the delay, which cuts squarely against Defendant. Much of the delay has been Defendant's creation. He requested or stipulated to continuances lasting 35 months between the date of his indictment and his desired July 13, 2020 trial date. (*See* Dkt. No. 48, 276.) When doing so, he indicated that the delays were necessary to assure adequate trial preparation and effective assistance of counsel in light of his frequent replacement of counsel. (*See* Dkt. No. 126 at 2, 178 at 4, 240 at 3.) Therefore, this effectively leaves the period from July 13, 2020 to February 8, 2021— Defendant's currently scheduled trial date—at issue. (*See* Dkt. Nos. 346 at 3, 357 at 2.) This is a period of time totaling less than seven months, which is a reasonable delay in light of the unusual and compelling circumstances resulting from the COVID-19 pandemic. *See* W.D. Wash., General Order Nos. 01-20, 02-20, 03-20, 07-20, 08-20, 11-20, 13-20, 15-20, 18-20 at 2. The first two factors, collectively, cut against Defendant.

The third factor also cuts against Defendant. For most of the pendency of Defendant's case, Defendant actively campaigned *against* utilizing his speedy trial rights, oftentimes over the Government's objections. (*See, e.g.*, Dkt. No. 219.) As described above, Defendant frequently

sought to replace counsel, which inevitably required continuances to allow new counsel time to familiarize him or herself with the case. Notably, Defendant's counsel explained, when seeking a continuance on Defendant's behalf, that Defendant was "more interested in having adequate representation than asserting his interests in a speedy trial." (Dkt. 240 at 2.) While Defendant eventually did assert his speedy trial rights, he did so only when the Court's hands were tied by the circumstances associated with the COVID-19 pandemic. This suggests that Defendant's attempt to utilize his rights were more strategic than sincere, a conclusion which is further supported by Defendant's recent motion to continue his trial yet again. (*See* Dkt. No. 354.)

When considering the fourth and final factor, prejudice, the Court looks to: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern; and (3) limiting the possibility that delay will impair the defense. *Barker*, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* Defendant's briefing *references* this consideration, but provides no clear examples of actual prejudice. (*See* Dkt. No. 357 at 6.) Nor is the Court independently aware of actual prejudice Defendant has suffered. While pretrial incarceration is undeniably less than ideal and anxiety generating, absent clear examples of prejudice, the Court must find this factor to be neutral.

Accordingly, Defendant's motion to dismiss (Dkt. No. 346) is DENIED.

### IV. Motion for Leave to File an Overlength Brief

The Government moved to file an overlength brief on Defendant's motion to dismiss (Dkt. No. 349). The Government sought 26 pages in order to provide the Court with a detailed summary of the events that have transpired over the pendency of this matter. (*Id.* at 1.) The Court finds that the Government's summary of the procedural history is relevant in considering Defendant's motion to dismiss and, therefore, constitutes good cause for exceeding the page limits otherwise imposed by Local Criminal Rule 12(c)(6). Accordingly, the Government's motion (Dkt. No. 349) is GRANTED.

## V.     Conclusion

For the foregoing reasons, the Court DENIES Defendant's motions for a bill of particulars and to dismiss (Dkt. Nos. 345, 346) and GRANTS the Government's motion to file an overlength brief (Dkt. No. 349).

DATED this 28th day of January 2021.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE