THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>DARRYL KILGORE,<br><br>                Defendant. | CASE NO. CR17-0203-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's counsel's motion to continue the trial date (Dkt. No. 354). Defendant is aware of counsel's request but did not execute a waiver of his speedy trial rights. (*Id.* at 1.) Defendant, who is charged by indictment, (Dkt. No. 48), moves to continue trial from February 8, 2021 to September 13, 2021. Defendant seeks the continuance to provide recently-appointed replacement counsel and co-counsel adequate time to review the voluminous discovery in this matter and prepare an adequate defense. (*Id.* at 2–3.) This is Defendant's fourth replacement of court-appointed counsel. (*See* Dkt. Nos. 155, 166, 226, 232, 235, 253, 258, 302, 337.) The Court is also keenly aware of the of the ongoing COVID-19 pandemic and its impact on the Court's ability to provide a fair and just trial at this time. *See* W.D. Wash., General Order No. 18-20 at 2 (Dec. 30, 2020).

Having thoroughly considered the motion, the relevant record, and the Court's General Orders addressing measures to reduce the community spread and health risks from COVID-19,

incorporated herein by reference, the Court hereby FINDS:

1. Taking into account the exercise of due diligence, the failure to grant a continuance would deny Defendant's counsel and co-counsel the reasonable time necessary for effective trial preparation, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and would therefore result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i).

2. The additional time requested is a reasonable period of delay. Recently-appointed counsel and co-counsel need additional time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses.

3. The time between the current trial date and the new trial date is necessary to provide Defendant's counsel and co-counsel with the reasonable time necessary to prepare for trial considering counsel and co-counsel's schedules and all the facts set forth above.

4. The COVID-19 pandemic has made it difficult for the Court to presently obtain an adequate spectrum of jurors to represent a fair cross section of the community, which makes proceeding on the current case schedule impossible or, at a minimum, doing so would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

5. Public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to participate in a fair and just trial. Therefore, proceeding with trial as scheduled would likely be impossible. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

6. The ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

For the foregoing reasons, the Court GRANTS Defendant's motion to continue the trial (Dkt. No. 354). The trial is CONTINUED to September 13, 2021, at 9:30 a.m. The Court further ORDERS that the time between the date this order is issued and the new trial date is excludable time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv). Any pretrial motions must be filed no later than August 6, 2021.

//

DATED this 29th day of January 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE